992 F.2d 249
 AMERICAN COUNCIL OF THE BLIND OF COLORADO, INC., a Colorado
non-profit corporation; Rocky Mountain Federation of
Handicapped Athletes, a division of Pegasus Foundation,
Inc., a Colorado non-profit corporation, Plaintiffs-Appellants,
v.
Roy ROMER, Governor, State of Colorado; Duane Woodard,
Attorney General, State of Colorado; Norman S. Early, Jr.,
District Attorney for the Second Judicial District, State of
Colorado, Defendants-Appellees.
 No. 90-1365.
 United States Court of Appeals,
Tenth Circuit.
 April 20, 1993.
 
 1
 Robert C. Moest of Fleishman, Fisher & Moest, Los Angeles, CA (Barry A. Fisher, Los Angeles, CA, and Edwin S. Kahn, Denver, CO, with him on the brief), for plaintiffs-appellants.
 
 
 2
 Nathan B. Coats, Chief Appellate Deputy Dist. Atty., Denver, CO, Dist. Attorney's Office (Larry Tannenbaum, Asst. Atty. Gen., Colorado Atty. General's Office, with him on the brief), for defendants-appellees.
 
 
 3
 Before LOGAN and BRORBY, Circuit Judges, and DAUGHERTY, District Judge.*
 
 
 4
 DAUGHERTY, District Judge.
 
 
 5
 The United States Supreme Court has granted certiorari and remanded this case --- U.S. ----, 113 S.Ct. 1038, 122 L.Ed.2d 348 in light of its recent decision in Farrar v. Hobby, 506 U.S. ----, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).
 
 
 6
 In Farrar, it was held in a case in which judgment was entered on the merits that a one-dollar nominal damage award was sufficient to make the recipient a prevailing party and satisfied that prong of 42 U.S.C. § 1988. In then considering the reasonable attorney's fee prong of § 1988, the Supreme Court affirmed the denial of any attorney's fee in the case in which there was a request for seventeen million dollars in damages with a recovery of one dollar. Farrar stated that "[i]n some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all." Farrar, 506 U.S. at ----, 113 S.Ct. at 575.
 
 
 7
 Unlike Farrar, the case at bar did not involve a judicial determination on the merits of the claims asserted in Plaintiffs' lawsuit. In an earlier case of this kind, this Court adopted what may be known as the "catalyst rule" in Foremaster v. City of St. George, 882 F.2d 1485 (10th Cir.1989).[1] In Foremaster, it was announced that when no judgment on the merits had been entered on the controversy involved, a party may nonetheless be entitled to an attorney's fee[2] but he "must show '(1) that [the] lawsuit is causally linked to securing the relief obtained, and that the defendant's conduct in response to the lawsuit was required by law.' " Foremaster, 882 F.2d 1485, 1488, citing J & J Anderson, Inc. v. Town of Erie, 767 F.2d 1469, 1473 (10th Cir.1985).
 
 
 8
 In Foremaster, this Court applied the "catalyst rule" to the prevailing party prong of § 1988. Applying the "catalyst rule" in the case at bar, this Court affirmed the decision of the district court, which found under the facts of the case that the Plaintiffs' lawsuit was not causally linked to the relief obtained in the matter of certain statutory amendments to the Colorado Charitable Solicitations Act (Act) and therefore Plaintiffs were not prevailing parties. We affirmed this factual decision as being supported by the record. In this affirmance, the Court followed the clearly erroneous rule and found that such factual determination by the district court was not clearly erroneous. Post Office v. Portec, Inc., 913 F.2d 802 (10th Cir.1990).
 
 
 9
 Upon reconsideration herein as directed by the United States Supreme Court, this Court is of the opinion that there is a significant distinction in considering an attorney's fee under § 1988 as to the prevailing party prong between a case in which a judicial decision on the merits has been entered and a case in which there has been no such determination but some relief sought has been obtained. It does not appear that the decision in Farrar condemns the use of the "catalyst rule" in a nonjudgment on the merits situation. We therefore believe that it is appropriate to follow and apply this rule in this nonjudgment on the merits case, and we again conclude that the determination that Plaintiffs' lawsuit was not causally linked to the amendments made to the Act by the Colorado Legislature was not clearly erroneous under the record and again affirm the district court in its factual determination to this effect and its application of the "catalyst rule" to the prevailing party requirement of § 1988.
 
 
 10
 Perhaps it could be argued that in light of Farrar the "catalyst rule" should only be applied to the reasonable attorney's fee prong of § 1988 and not to the prevailing party prong. If such should be the case and our adherence to and application of the "catalyst rule" in Foremaster is not acceptable in the determination of a prevailing party under § 1988 in this nonjudgment environment and Plaintiffs must be considered under Farrar to be prevailing parties, we believe that the "catalyst rule" should then be applicable in both of its prongs to the reasonable attorney's fee prong of § 1988. In such application, Plaintiffs' lawsuit has been factually determined by the district court not to have been a causal link in the matter of the amendments made to the Act by the Colorado Legislature and we have affirmed. Thus, a reasonable attorney's fee would be no fee at all, for Plaintiffs' lawsuit did not cause the relief obtained.
 
 
 11
 In addition, the district court found that the amendments which were made to the Act were technical in nature and deemed de minimis in that the relationship between professional fund raisers and the State of Colorado was not materially altered as a result of Plaintiffs' lawsuit. Again, a reasonable attorney's fee under the circumstances of this case would be no fee at all. To hold otherwise would be an unjustified windfall to Plaintiffs' attorneys. Farrar, 506 U.S. ---, ---, 113 S.Ct. 566, 575.
 
 
 12
 On reconsideration, our previous opinion entered herein is reaffirmed.
 
 
 
 *
 Honorable Fred Daugherty, Senior United States District Judge for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 The First Circuit employed this same rule in a nonjudgment termination in Nadeau v. Helgemoe, 581 F.2d 275 (1st Cir.1978)
 
 
 [2]
 Following Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980)